

# The Attorney General of Texas

July 9, 1986

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable James S. McGrath
Criminal District Attorney
P. O. Box 2553
Beaumont, Texas    77704

Opinion No. JM-513

Re: Whether a lottery occurs where persons make donations to a nonprofit organization and receive thereby a chance to win a painting

Dear Mr. McGrath:

You ask the following questions:

> 1. Is it a 'lottery' if a nonprofit organization gives away artistic paintings to holders of numbered tickets, where the winners are chosen at random, and where each person receiving a numbered ticket is asked to make a donation for the purchase of art collections?

> 2. If your answer to question number 1 is 'no,' would your answer be different if persons making donations should be given more tickets and hence, more chances of winning than those who do not make donations?

You indicate that tickets for the drawing will be made available at no cost but that persons who want a ticket will be asked to make a "voluntary" donation. Your letter states that all tickets will in fact bear the statement "[d]onations of $5.00 requested."

A "lottery" is defined in section 47.01(6) of the Texas Penal Code as follows:

> 'Lottery' means any scheme or procedure whereby one or more prizes are distributed by chance among persons who have paid or promised consideration for a chance to win anything of value, whether such scheme or procedure is called a pool, lottery, raffle, gift, gift enterprise, sale, policy game, or some other name.

See also Tex. Const. art. III, §47.

The promotion you describe is intended to raise money for a charitable purpose. Nevertheless, as the court stated in State v. Amvets Post Number 80, 541 S.W.2d 481, 483 (Tex. Civ. App. - Dallas 1976, no writ), "a lottery is no less a lottery if the proceeds are used for charitable purposes." See also Attorney General Opinion H-820 (1976). There is only a limited "bingo" exception for charities under article III, section 47(b). See V.T.C.S. art. 179d.

Under section 47.01(6), three elements comprise an illegal "lottery": (1) one or more prizes, (2) distribution of the prizes by chance, and (3) the payment or promise of consideration for the chance to win. This statutory definition echoes the established definition of a "lottery" under article III, section 47 of the Texas Constitution and under prior Penal Code provisions. See Brice v. State, 242 S.W.2d 433, 434 (Tex. Crim. App. 1951); Griffith Amusement Co. v. Morgan, 98 S.W.2d 844, 845 (Tex. Civ. App. - Austin 1936, no writ). You suggest that the element of consideration is lacking in the situation you describe because it is possible to obtain a ticket without making a donation. Although the courts in Brice v. State and Griffith Amusement Co. v. Morgan found that no "lottery" occurred, both cases involved promotions where no charge of any kind was exacted from any of the registrants. See also State v. Socony Mobil Oil Company, Inc., 386 S.W.2d 169 (Tex. Civ. App. - San Antonio 1964, writ ref'd n.r.e.).

Numerous Texas court cases and Attorney General Opinions have addressed proposals similar to the one you are investigating and have held that they constitute "lotteries." See Attorney General Opinion H-820 (1976) (and cases cited therein). In Attorney General Opinion H-820, this office determined that a proposal to distribute tickets to persons who make a charitable "donation" of a designated sum is indistinguishable from an outright sale of tickets. As the Texas Supreme Court stated in City of Wink v. Griffith Amusement Co., with regard to a similar drawing:

> True, no doubt if anyone had applied for a free
> registration to the drawing, it would have been
> given, but human nature is such that the average
> person would seldom, if at all, suffer the natural
> embarrassment of asking for a free registration.
> (Emphasis in original).

100 S.W.2d 695, 697 (Tex. 1936).

Further, the fact that one person receives a chance to win for free while another person "pays" for the chance does not negate the fact that someone in the contest has paid consideration for the chance to win. Of course, if in fact no one actually makes a donation, then no lottery would occur. As a practical matter, we agree with the

court in City of Wink.  If the organization did not anticipate some donations, no drawing would be held.

Consequently, a drawing held by a nonprofit organization where tickets for the drawing are available for free but where persons who request tickets are asked to make a donation would constitute a "lottery" unless no one actually made a donation.  Accordingly, we need not reach your second question.

## SUMMARY

A random drawing for artwork, sponsored by a nonprofit organization, in which tickets are available for free but where persons who request tickets are asked to make a donation constitutes a "lottery" under section 47.01(6) of the Texas Penal Code once any person actually makes a donation for a ticket.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jennifer Riggs
Assistant Attorney General